**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1510
_____

GERALD A. WEST,
                              Appellant

v.

OFFICER SHULTZ; A.W. HUDSON; COUNSELOR EDINGER; OFFICER SPADE;
UNIT MANAGER ADAMI; OFFICER WHITTNER; WARDEN BLEDSOE; ASST.
WARDEN HUDSON; ASST. WARDEN YOUNG; ASST. WARDEN REAR; UNITED
STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1-12-cv-01004)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2017
Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 3, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gerald West, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for prison employees and the United States in his action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

West's complaint raises various claims in connection with his confinement at USP-Lewisburg. Relevant here, West alleges that his cellmate sexually assaulted him, that he gave a staff member a "cop-out" or note about the assault, that Officer Shultz came to his cell and tried to tell West's cellmate about the cop-out, and that his cellmate then assaulted him again. West avers that Officer Spade took him to a holding cell and told him that he did not believe the cop-out and that he had thrown it away.

West also alleges that he filed a complaint against Unit Manager Adami, who had threatened to place him in restraints if he did not find a cellmate, and that Officer Shade falsified a conduct report, which resulted in his being placed in restraints for two days. West claims that Officers Shultz and Spade were deliberately indifferent and failed to protect him and that Unit Manager Adami retaliated against him. West also brought claims against the Warden, other prison employees, and the United States.

The defendants filed a motion to dismiss and for summary judgment raising several arguments, including that West had only exhausted his administrative remedies as to his Bivens claims against Officer Shultz related to the assault and Officer Shade related to the false conduct report. The defendants' brief reflects that they believed that

Officers Spade and Shade were the same person and that West had mistakenly referred to Officer Spade in connection with his failure-to-protect claim.

In response, West filed a motion for leave to file an amended complaint. He stated that Officer Spade was "rightfully named" in the original complaint, that Officer Shade was not a defendant, and that Officers Spade and Shade are different people. He sought to clarify the identity of the defendants and correct deficiencies in the complaint. The defendants opposed West's motion. They asserted that West's original and proposed amended complaints contained essentially the same allegations and that the amended complaint did not cure the alleged deficiencies raised in their motion. The District Court agreed and denied the motion to amend the complaint.

The District Court subsequently granted the defendants' motion to dismiss and for summary judgment in part and denied it in part. Significantly, the District Court set forth the defendants to the action in its decision and included Officer Shade but not Officer Spade. The District Court also substituted Officer Shade's name for Officer Spade in its summary of West's complaint. The District Court ruled that West had exhausted his administrative remedies as to his claim against Officer Shade related to the false conduct report and his claim against Officer Shultz related to the assault, and that he had exhausted a claim under the FTCA against the United States. The District Court allowed these claims to proceed and granted summary judgment in favor of the other defendants for failure to exhaust. Thereafter, the District Court granted summary judgment in favor of Officers Shade and Shultz and the United States and denied West's motion for partial summary judgment. This appeal followed.

3

We have jurisdiction of appeals from all final decisions of the district courts. 28 U.S.C. § 1291. A "final decision" has two effects: it will resolve all claims presented to the district court and, after the decision has been issued, there will be nothing further for the district court to do. Aluminum Co. of America v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir. 1997). "[T]here is no final order if claims remain unresolved and their resolution is to occur in district court." Id. Because the record appeared to reflect that the District Court did not adjudicate West's claim against Officer Spade, the parties were directed to file supplemental briefs addressing our appellate jurisdiction.[1]

The defendants below ("Appellees") assert that the District Court has issued a final and appealable order because West's complaint did not contain a claim against Officer Spade. Appellees state that the District Court did not address an allegation as to Officer Spade because it found that only claims against Officers Shultz and Shade had been exhausted. They state that Officer Spade's name only appears in the complaint under the deliberate indifference claim concerning Officer Shultz, and that they believed that West was referring to Officer Shade in that claim based on his additional claim of retaliation by Officer Shade.

We disagree that West's complaint does not contain a claim against Officer Spade. The complaint lists Officer Spade as a defendant, asserts that he was deliberately indifferent, states that he is being sued in his individual capacity, and seeks compensatory relief from him. West alleges that after the second assault Officer Spade told him that he

_____

[1]A district court may direct entry of a final judgment as to fewer than all claims or parties pursuant to Federal Rule of Civil Procedure 54(b), but that did not occur here.

4

did not believe the cop-out and he threw it away. After Appellees filed their motion to dismiss and for summary judgment reflecting that they believed Officers Spade and Shade were the same person, West stated in his motion to amend his complaint that Officer Spade was the proper defendant. The District Court's decision on Appellees' motion reflects that West's claim against Officer Spade was not adjudicated. Appellees argue that West does not contend in his supplemental brief that the District Court erred by only addressing Officer Shade, but it does not follow that the District Court has issued a final decision.[2]

Appellees also argue that the District Court has issued a final and appealable decision because West has voluntarily abandoned any claim against Officer Spade. Appellees correctly assert that a plaintiff may render an otherwise non-appealable order final by voluntarily and finally abandoning a claim. Bethel v. McAllister Bros., Inc., 81 F.3d 376, 382 (3d Cir. 1996). West, however, raises his claim against Officer Spade in his brief on appeal. In his supplemental brief addressing jurisdiction, West states that "[i]t is not clear as to the dismissal of Officer Spade," and that, under Federal Rule of Civil Procedure 60(a), clerical errors in the record arising from oversight or omission may be corrected on the motion of any party. Appellant's Supp. Br. 3. He states that, if there was an oversight or error by the District Court, he would like "to proceed with the judgment" of the court of appeals. Appellant's Supp. Br. at 4. Unlike the statements in

_____

[2]The District Court recognized West's allegations against Officer Spade and the fact that there were two officers with similar names in its second summary judgment decision, but that decision addressed West's claims against only Officers Shultz and Shade and the United States.

5

the cases cited by Appellees, these statements are insufficient to find that West has abandoned his claim against Officer Spade. See, e.g., Tierman v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991) (plaintiff renounced claims against parties dismissed without prejudice); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1156-57 (3d Cir. 1986) (same).

Accordingly, we will dismiss this appeal for lack of jurisdiction.